UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**WILLIAM DAVID DOWNEY**                  **MOVANT/DEFENDANT**

**v.**                                                      **CRIMINAL ACTION NO. 1:06CR-24-R**

**UNITED STATES OF AMERICA**               **RESPONDENT/PLAINTIFF**

**MEMORANDUM AND ORDER**

Movant William David Downey filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DN 558).

The § 2255 motion is currently before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant's Judgment and Commitment was entered September 25, 2007 (DN 399). No appeal was filed. Under § 2255(f)(1), the one-year limitations period, therefore, began running on October 10, 2007,[1] and expired one year later on October 10, 2008.[2] Because Movant did not file his § 2255 motion until April 24, 2012,[3] the motion is time barred under § 2255(f)(1).

Movant alleges that due to "United States Supreme Court authority which interpreted the statute this Movant was sentenced under, this Movant's prior 'escape'. . . is not a 'crime of violence' for purposes of title 18 USCS 16." Thus, according to Movant, he was not a career offender and the district court unconstitutionally enhanced his sentence. It appears that Movant may be attempting to argue that his action is timely under § 2255(f)(3). However, Movant does not indicate what Supreme Court authority he relies upon or the date of the decision upon which he relies. To the extent Movant contends that his action is timely under § 2255(f)(3), he has

---

[1]At the time Movant was sentenced, the appeal period was 10 days, Fed. R. App. P. 4(b) (eff. Dec. 1, 2005), and the intermediate weekends and legal holidays were not counted in the computation. Fed. R. App. P. 26(a)(2) (eff. Dec. 1, 2002). Effective December 1, 2009, the appeal period is now 14 days. Fed. R. App. P. 4(b)(1)(A).

[2]On August 5, 2008, Movant submitted a motion for retroactive application of the amendments to the U.S. Sentencing Guidelines to his crack-cocaine offense (DN 487). The Court appointed counsel for Movant on September 22, 2008, to represent his interest in the Court's review of his sentence in accordance with the crack-cocaine amendments to the U.S. Sentencing Guidelines (DN 501), and by Order entered March 6, 2009, the Court denied a sentence reduction (DN 529). Movant filed a second filing related to his sentence. In it he requested the Court to retroactively apply the sentencing guidelines implementing the Fair Sentencing Act of 2010 to his case. Movant's sentence will be reviewed according to the Court's established procedure (DN 557). The re-sentencing process has no effect on the statute-of-limitations determination in this case.

[3]Under the mailbox rule, a document is deemed filed with a court on the date that it is deposited in the prison mail system for mailing. *See*, *e.g.*, *Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's notice of appeal on habeas corpus review is deemed filed on the date that it is turned over to prison officials for transmittal to court); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (applying the mailbox rule to § 2255 actions). Movant certifies that his § 2255 motion was delivered to the prison mail system for mailing on April 24, 2012 (DN 558).

failed to present any date later than October 10, 2007, from which to begin the running of the statute of limitations. Without such this § 2255 motion is untimely under § 2255(f)(3).

Movant contends that his unconstitutional sentence represents a miscarriage of justice for which the one-year limitations period should not apply. It appears that Movant may be arguing that the one-year limitations period should be equitably tolled in his case. Because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1005-07 (6th Cir. 2001). "Equitable tolling is used sparingly and 'only if two requirements are met. First, the petitioner must establish that he has been pursuing his rights diligently. And second, the petitioner must show that some extraordinary circumstance stood in his way and prevented timely filing.'" *Jones v. United States*, ___F.3d___, 2012 WL 3098348, at *4 (6th Cir. July 31, 2012) (quoting *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011)). Movant has the burden of persuading the Court that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). To the extent Movant is arguing equitable tolling in this case, he has failed to allege facts warranting equitable tolling.

Before dismissing the action as time-barred, the Court will provide Movant with an opportunity to respond.

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Memorandum and Order, Movant must show cause why the § 2255 motion to vacate, set aside, or correct sentence should not be dismissed as barred by the applicable one-year statute of

limitations.  Failure to respond within the time allotted **will result in dismissal** of the action for the reasons set forth herein.

Date:

*cc:*    Movant, *pro se*
4413.003